## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DAMIAN D. WOODMORE,

     Plaintiff,

                                   Case No. 09-12967

v.

                               HONORABLE DENISE PAGE HOOD

FARMINGTON HILLS POLICE
DEPARTMENT and WILLIAM
DWYER,

     Defendants.

_____/

## ORDER DENYING MOTION FOR LEAVE TO FILE AN APPEAL
## and DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

This matter is before the Court on Plaintiff Damian D. Woodmore's *pro se* Motion for Leave to File an Appeal and an Application to Proceed *In Forma Pauperis* on appeal. A response was filed by Defendants.

On May 3, 10211, the Court entered a Judgment and Memorandum Opinion and Order granting Defendants' Motion for Summary Judgment. On August 19, 2011, Plaintiff filed a Notice of Appeal. Plaintiff claims he thought he had more time to file an appeal and by the time he returned to his attorney's office to obtain his file, he was informed that the time to file an appeal had passed. (Motion, ¶ 5) Plaintiff indicates he has been unemployed for the past three years and he does not have the money to file an appeal. (Motion, ¶¶ 4, 6) Defendants respond that Plaintiff's motion is untimely and he has failed to show excusable neglect in filing the late appeal.

Rule 3 of the Federal Rules of Appellate Procedure, which prescribes the method for taking an appeal, and Rule 4, which limits the time in which an appeal may be taken, combine to form a jurisdictional threshold prerequisite for matters before the Court of Appeals. *Torres v. Oakland*

*Scavenger Co.*, 487 U.S. 312, 315 (1988); *Smith v. Barry*, 502 U.S. 244 (1992); *Brooks v. Toyotomi Co., Ltd.*, 86 F.3d 582, 586 (6th Cir. 1996); and *United States v. Webb*, 157 F.3d 451 (6th Cir. 1998).

In a civil case, Fed.R.App.P. 4(a)(1) requires that a Notice of Appeal under Rule 3 must be ***filed*** with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from.  The district court may extend the time for filing a Notice of Appeal pursuant to Fed.R.App.P. 4(a)(5) which states:

> (A)  The district court may extend the time to file a notice of appeal if:
> 
> (i) a party moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> 
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed.R.App.P. 4(a)(5).  Good cause is shown where "forces beyond the control of the appellant" prevented the appellant from filing a timely notice of appeal.  *Nicholson v. City of Warren,* 467 F.3d 525, 526 (6th Cir. 2006).  "Excusable neglect has been held to be a strict standard which is met only in extraordinary cases."  *Id.*  Ignorance of the rules or mistakes in construing the rules do not constitute excusable neglect.  *Id.* at 527.  Mistakes by those who proceed without counsel are not necessarily excusable.  *Id.*  The district court is without authority to grant an untimely filed motion for extension of time to file an appeal.  *Beard v. Carrollton Railroad,* 893 F.3d 117, 120 (6th Cir. 1989); *Pryor v. Marshall,* 711 F.2d 63, 65-65 (6th Cir. 1983)(Rule 4(a) prohibits consideration of excusable neglect or good cause where an appellant fails to file a timely motion requesting an extension of time.).   Compliance with the time limits set forth in Rule 4 is mandatory and jurisdictional which the court cannot waive nor extend.  *Baker v. Raulie,* 879 F.2d 1396, 1398 (6th Cir. 1989); *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 203 (1988); *Searcy v. City of*

2

*Dayton,* 38 F.3d 282, 287 (6th Cir. 1994).  As the Sixth Circuit has noted, "the filing of a notice of appeal does not require much thought or time." *Marsh v. Richardson,* 873 F.2d 129, 131 (6th Cir. 1989).  "[C]ourts ordinarily reject notices filed only minutes or hours too late." *Baker,* 879 F.2d at 1398. The failure to file a timely notice of appeal deprives the appellate court of jurisdiction. *United States v. Guardino,* 972 F.2d 682, 685 (6th Cir. 1992).

In this case, Plaintiff's motion is untimely.  The Judgment was entered on May 31, 2011. Plaintiff had 30 days from that date to file a Notice of Appeal.  Plaintiff had an additional 30 days to then file a request to extend the time to file an appeal, for a total of 60 days from May 31, 2011 to file a motion requesting additional time to file an appeal.  Plaintiff's motion was filed on August 19, 2011, beyond the 60 days required by Fed.R.App.R. 4(a)(5).  This Court does not have jurisdiction to review Plaintiff's motion.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to File a Late Appeal **(Doc. No. 47, filed August 19, 2011)** is DENIED.

IT IS FURTHER ORDERED that the Application to Proceed *In Forma Pauperis* **(Doc. No. 45, filed August 19, 2011)** is DENIED as MOOT.

s/Denise Page Hood
United States District Judge

Dated:  October 27, 2011

3

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 27, 2011, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager